# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLAM BEKHOEV,<br><br>                    Petitioner,<br><br>        v.<br><br>ERNESTO SANTACRUZ, JR., et al.,<br><br>                    Respondents. | Case No. 5:26-cv-03653-MBK<br><br>ORDER DENYING PETITION FOR HABEAS CORPUS |

Petitioner Islam Bekhoev, a citizen of Russia, is in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Mr. Bekhoev came to the United States in July 21, 2023, seeking protection under the asylum laws and was released on humanitarian parole. On March 4, 2025, Mr. Bekhoev was re-arrested by Immigration and Customs Enforcement ("ICE") when he appeared for a check-in and was later transferred to the Adelanto Detention Facility, where he remains today.

This is Mr. Bekhoev's second habeas action challenging his detention by immigration authorities. In his prior case, the previously-assigned District

Judge granted in part a temporary restraining order ("TRO") and required Respondents to provide Mr. Bekhoev with the notice required by the regulations governing parole revocations, but declined to order his release. *See Bekhoev v. Marin*, No. 5:26-cv-00612 (C.D. Cal.). After the parties consented to Magistrate Judge jurisdiction, this Court ordered Mr. Bekhoev's release because Respondents failed to comply with the TRO. Several weeks later, immigration authorities re-arrested Mr. Bekhoev and the Court ultimately denied his motion to enforce seeking his release.

In this second habeas action, Mr. Bekhoev argues that his re-detention by immigration authorities—after his release pursuant to the TRO—violates due process. While Mr. Bekhoev attempts to distinguish his current habeas claims from the claims in his prior case, the Court concludes that its prior orders and analysis foreclose Petitioner's claims and denies the Petition.

## I.    FACTS AND PROCEDURAL HISTORY

Petitioner Islam Bekhoev entered the United States on July 21, 2023, and was subsequently granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) until April 18, 2025. Dkt. 1 at 3-4.  On March 4, 2025, Petitioner was arrested during a scheduled ICE check-in. *Id.* at 4.

On February 11, 2026, Petitioner filed a habeas petition and an application for a temporary restraining order ("TRO"). *Bekhoev v. Marin*, No. 5:26-cv-00612 (C.D. Cal.) (hereinafter *Bekhoev I*). He asserted seven causes of action claiming violations of his Fifth Amendment substantive and procedural due process rights, the Administrative Procedure Act ("APA"), and DHS regulations. *Bekhoev I*, Dkt. 1. He also sought an order requiring his immediate release. *Id.* Respondents opposed the TRO application, arguing

that Petitioner failed to exhaust his administrative remedies by withdrawing his request for a bond hearing. *Bekhoev I*, Dkt. 7.

The case was initially assigned to District Judge Stanley Blumenfeld, Jr., and referred to the undersigned Magistrate Judge. After receiving Respondents' Answer, Judge Blumenfeld ordered supplemental briefing addressing exhaustion and the merits of the Petition. *Bekhoev I*, Dkt. 9. On March 12, 2026, Judge Blumenfeld granted the TRO application in part. *Bekhoev I*, Dkt. 16. In a reasoned decision, Judge Blumenfeld found that Petitioner had not shown a likelihood of success on his substantive due process claim because "Petitioner's parole expired in April of 2025, and he identifies no authority suggesting that detention under § 1225(b) following the expiration or termination of parole violates substantive due process" or on his procedural due process claim because the "termination of an alien's parole under § 1182(d)(5)(A) without a hearing does not violate the Fifth Amendment." *Id*. at 4-5.

Judge Blumenfeld, however, found that Petitioner had shown he is likely to succeed on his APA claim that Respondents violated the parole regulations requiring pre-termination notice. *Id*. at 6 (citing 8 C.F.R. § 212.5(e)(2)(i) (stating that parole may be terminated "upon written notice" when the purpose of parole is accomplished, or when "neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States")). However, the court concluded that Petitioner failed to demonstrate that release is the appropriate remedy for any APA violation. *Id*. Accordingly, Judge Blumenfeld ordered Respondents "to provide Petitioner

with written notice detailing the reasons for the termination of his parole, in accordance with 8 C.F.R. § 212.5(e)(2)." *Id.* at 7.

Following the completion of briefing on the Petition, the parties stipulated to proceed before the undersigned Magistrate Judge. *Bekhoev I*, Dkt. 25. On April 8, 2026, this Court granted the Petition and ordered Petitioner's release. *Bekhoev I*, Dkt. 26. The Court first found that Judge Blumenfeld's ruling on Petitioner's APA claim constituted "law of the case." *Id.* at 4. However, the Court concluded that Petitioner's release was now warranted because, in the month since the TRO issued, Respondents had not complied with Judge Blumenfeld's order and provided the notice required by the regulations. Under these circumstances, the Court agreed "with Petitioner that 'lesser relief has proven ineffective' and that it is appropriate to order Petitioner's release due to Respondents' failure to show that it lawfully terminated Petitioner's parole." *Id.* at 6. The Court therefore ordered "Petitioner's immediate release, subject to appropriate conditions of supervision, and preventing his re-detention absent compliance with the parole regulations." *Id.* at 7.

Petitioner was released from DHS custody the following day, on April 9, 2026. *Bekhoev I*, Dkt. 28. On May 12, 2026, Petitioner appeared for a scheduled check-in with the Intensive Supervision Appearance Program ("ISAP") Office in Santa Ana, California. *Bekhoev I*, Dkt. 34-1 at 3. At the check-in, he was taken into DHS custody. *Id.* That same day, Petitioner filed an emergency ex parte application to enforce the Court's order granting habeas relief. *Bekhoev I*, Dkt. 32.

After the completion of briefing on the motion and a hearing, the Court granted Petitioner's motion to enforce in part. *Bekhoev I*, Dkt. 40. While Respondents had provided Petitioner with notice and an interview as the

4

Court had ordered, the Court concluded they were deficient because it appeared the notice was provided hours after the interview completed and Respondents had not provided an interpreter for the interview. *Id.* at 5. Under these circumstances, the Court concluded that Respondents had not afforded Petitioner a meaningful opportunity to understand their reasons for re-detaining him or a meaningful opportunity to respond. *Id.* at 6-7. The Court therefore ordered Respondents to provide Petitioner with a second interview with certain specified protections, including the presence of his counsel. *Id.* The Court declined, however, to order his release in the interim. *Id.* On May 31, 2026, Respondents provided Petitioner with a translated notice and a second interview at which his counsel appeared by phone. *Bekhoev I*, Dkt. 42-1 at 2-3, 44-1 at 1.

On June 3, 2026, Petitioner filed a second motion to enforce, arguing that his second interview was deficient on various grounds. *Bekhoev I*, Dkt. 43. The same day, Petitioner filed a motion requesting that the Court modify its order granting the petition and judgment to require that "any future re-detention is preceded by written notice of the reasons and a hearing before a neutral decisionmaker," consistent with due process rulings in other habeas cases involving immigration detainees. *Bekhoev I*, Dkt. 43 at 2-7. Respondents opposed the motion for enforce. *Bekhoev I*, Dkt. 44.

On June 5, 2026, the Court denied the motion, concluding that "the Respondents adequately complied with Court's May 28, 2026, order." *Bekhoev I*, Dkt. 45 at 3. The Court further stated:

> Petitioner has also separately filed a Motion to Modify the Court's Order Granting Habeas Relief and Judgment. Dkt. 43. It does not appear that the parties met and conferred on the motion, or a schedule for briefing, prior to the filing of the motion. If Petitioner intends to proceed with the motion, counsel is ORDERED to confer with Respondents' counsel on the substance of the motion and a briefing schedule. The parties shall

thereafter submit a joint stipulation setting forth the briefing schedule for the motion.

*Id*.

Petitioner apparently declined to proceed on his motion to modify the judgment and instead, on July 11, 2026, filed the instant habeas petition. Dkt. 1. Petitioner argues that his ongoing detention violates procedural due process because he was re-arrested without a hearing before a neutral decisionmaker. *Id*. at 8-9. Petitioner requests that the Court order his release. *Id*. at 9. The case was initially assigned to District Judge Blumenfeld and referred to the undersigned Magistrate Judge. On July 6, 2026, Petitioner filed a consent to proceed before the Magistrate Judge and, on July 9, 2026, Judge Blumenfeld transferred the matter to the undersigned for all purposes. Dkt. 8, 10.

Respondents filed their Answer on July 9, 2026, and Petitioner filed his reply on July 13, 2026. Dkt. 9, 12. The Court finds this matter suitable for decision without oral argument. *See* L.R. 7-15.

## II.   DISCUSSION

Petitioner brings a single claim in this habeas action: his re-detention violated due process because he was not afforded pre-deprivation notice and a hearing before a neutral decisionmaker. Dkt. 1 at 3-5. Petitioner had advanced a nearly identical claim in his prior habeas case, including in his request for a TRO. *Bekhoev I*, Dkt. 1 at 17-19; Dkt. 12 at 6-7. Judge Blumenfeld found that Petitioner was not likely to succeed on his due process claims in a reasoned decision denying a TRO on that basis. *Bekhoev I*, Dkt. 16 at 4-5. Petitioner also advanced this due process argument in his motion to modify the judgment, (*Bekhoev I*, Dkt. 43 at 2-7), which he declined to pursue after this Court denied his second motion to enforce.

Petitioner nonetheless argues the Court's rulings in his prior case do not

6

foreclose his due process claims here. First, he argues that Judge Blumenfeld's TRO decision is not issue preclusive because it was issued "at the temporary restraining order stage, under a 'likelihood of success' standard, and those preliminary findings are not final or preclusive." Dkt. 1 at 5-6. Second, he argues that his due process claim here is new because it rests on a "different set of facts": "the Government released him on an order of release on recognizance and permitted him to resume physical liberty in the community. That release, entered April 9, 2026, is a new operative fact. It restored to Petitioner the very interest on which this Petition rests, his actual freedom from physical restraint, and that interest did not exist when the prior rulings were entered." *Id.* at 6.

The Court does not find either argument persuasive. While generally "decisions at the preliminary injunction phase do not constitute the law of the case," there is an exception for "conclusions on pure issues of law." *Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agr.*, 499 F.3d 1108, 1114 (9th Cir. 2007); *Rodriguez v. Robbins*, 804 F.3d 1060, 1080 (9th Cir. 2015) (same), *rev'd on other grounds sub nom. Jennings v. Rodriguez*, 583 U.S. 281 (2018). Here, Judge Blumenfeld issued a reasoned decision, following initial and supplemental briefing, finding that Petitioner's procedural due process claim was foreclosed by Ninth Circuit caselaw. *Bekhoev I*, Dkt. 16 at 5 (citing *Alvarez-Mendez v. Stock*, 941 F.2d 956, 963 (9th Cir. 1991) and other circuit precedent). There is nothing "preliminary" about this assessment and, as discussed below, there are no intervening facts that suggest a different outcome is warranted. *See Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085, 1091 (9th Cir. 2013) (declining to apply "law of the case" to prior preliminary ruling that "left open the possibility that additional facts could be introduced during the further district court proceedings resulting in a

7

different outcome based on a full evidentiary record and a complete review of the legal principles").

For similar reasons, in Petitioner's prior habeas case, this Court found that Judge Blumenfeld's ruling on Petitioner's APA claim constituted "law of the case" and ordered him released in part on that basis. *Bekhoev I*, Dkt. 26 at 4. The Court fails to see any principled distinction between Judge Blumenfeld's disposition of Petitioner's APA and due process claims such that the former is preclusive but the latter is not.

The Court also rejects that Petitioner's release pursuant to this Court's order and subsequent re-detention constitute a material change in facts. Judge Blumenfeld found that Petitioner had no due process rights with respect to the revocation of his parole and re-detention. *Bekhoev I*, Dkt. 16 at 4-5. Petitioner's subsequent release—which the Court ordered based on Respondents' failure to comply with the regulations governing parole—does not affect that analysis.

Petitioner claims that his April 9, 2026 release was conducted under a different statutory authority because ICE utilized a Form I-220A, Order of Release on Recognizance, which is typically used for people released under 8 U.S.C. § 1226(a). Dkt. 1 at 2; Dkt. 1-2. But the Court puts little weight on Respondents' choice of form. The Court's release order was based on the violation of the parole regulations, which apply to noncitizens subject to Section 1225, and permitted Petitioner's re-detention based on ICE's compliance with those same regulations. *Bekhoev I*, Dkt. 26 at 5. In both Petitioner's initial and second habeas cases, Respondents have consistently maintained that Petitioner's detention is authorized by Section 1225. *See* Dkt. 9 at 11-13. As such, the Court does not find that Respondents' use of a Form I-220A indicates that his release was pursuant to a different statutory

8

authority or otherwise changes the due process analysis that Judge Blumenfeld applied.[1]

Petitioner observes that many judges, including the undersigned Magistrate Judge, have ordered the release of noncitizens in comparable circumstances and prevented their re-detention absent a hearing before a neutral decisionmaker. *See* Dkt. 1 at 9 (citing *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *4 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026)); Dkt. 12 at 1-2 (collecting cases). But judges inevitably disagree and reach different legal determinations in like cases. Nonetheless, preclusion principles prevent parties from re-litigating issues that were decided in a prior proceeding. Petitioner does not provide any basis to depart from that rule here.

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES the Petition and dismisses the action with prejudice.

Dated: July 28, 2026

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

[1] The Court also rejects Petitioner's argument, made in his reply brief, that Respondents waived any claim to issue preclusion in their Answer. Dkt. 12 at 2 n.1. Although Respondents did not use the term "preclusion," they argue that Petitioner received all the process he was due in his prior habeas case and he is not entitled to any further relief. In any event, a court may apply issue preclusion even if a party does not raise it because the doctrine vindicates the public interest in consistent decisionmaking. *See Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 330 (9th Cir. 1995) (applying issue prelusion despite a party's failure to raise it because the opposing party "had a full and fair opportunity to actually litigate the issue" and "the public interest would be greatly advanced by the application of issue preclusion here," which "would avoid inconsistent results and would assist in the conservation of our judicial resources"). That public interest is heightened here given the procedural history of Petitioner's claims.